IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ARGYL W. RIGGAR III, | ) |
|---|---|
| Plaintiff, | ) ) ) |
| vs. | ) ) Civil Action No. 2:17-1536 |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1] | ) ) ) ) |
| Defendant. | ) ) ) |

AMBROSE, Senior District Judge

## OPINION
## and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 13 and 15]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 14 and 16]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, Defendant's Motion [ECF No. 15] is denied and Plaintiff's Motion [ECF No. 13] is granted.

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). Plaintiff applied for SSI on or about

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

March 12, 2014.  [ECF Nos. 9-4 (Ex. 2A), 9-7 (Ex. 1D)].   He alleged that he was disabled due to depression, bipolar disorder, arthritis, back pain, knee problems, anxiety, paranoia, hand problems, wrist problems, and neck problems, and he contends that he has been unable to work since April 1, 2006.  [ECF No. 9-8 (Ex. 3E)].  Id.  Administrative Law Judge ("ALJ") Jeffrey P. La Vicka held a hearing on May 31, 2016, at which Plaintiff was represented by counsel. [ECF No. 9-3 at 28-72].  Plaintiff appeared at the hearing and testified on his own behalf.  Id.  A vocational expert also was present at the hearing and testified.  Id. at 67-70.  In a decision dated July 6, 2016, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act.  [ECF No. 9-2, at 13-24].  On September 25, 2017, the Appeals Council denied Plaintiff's request for review. Id. at 1-3.  Having exhausted all of his administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment.  [ECF Nos. 13 and 15]. The issues are now ripe for my review.

## II.  LEGAL ANALYSIS

### A.  STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate."  Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  Determining whether substantial evidence exists is "not merely a quantitative exercise."  Gilliland v. Heckler, 786 F.2d 178, 183 (3d Cir. 1986) (citing Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails

to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." Id. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in

light of his age, education, work experience and residual functional capacity. 20 C.F.R. § 416.920. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B. WHETHER THE ALJ'S RFC DETERMINATION IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

At step two of the analysis, the ALJ found that Plaintiff had severe impairments, including cervical spine degenerative disc disease; history of carpal tunnel syndrome, status post-surgery; affective disorders; and anxiety disorders. [ECF No. 9-2, at 15]. At step three of the analysis, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 15-18. He further found that Plaintiff had the residual functional capacity ("RFC") to perform a light work as defined in 20 C.F.R. § 416.967(b), except with the following limitations: he can occasionally climb stairs and ramps, balance, stoop, kneel, crouch, and crawl; can never climb ladders, ropes, or scaffolds; can occasionally reach overhead with the bilateral upper extremities; can perform frequent handling of objects, fingering, and feeling bilaterally; must avoid all exposure to unprotected heights, hazardous machinery, and commercial driving; work is limited to simple, routine, and repetitive tasks, requiring only simple decisions, with no fast paced production requirements and few workplace changes; and work must require no interaction with the public and no more than occasional interaction with co-workers and supervisors. Id. at 18.

The only opinion evidence related to Plaintiff's mental health impairments that the ALJ considered in his RFC analysis consists of assessments by consultative psychological examiner, Chantal Deines, Psy.D., and state agency mental consultant, Phyllis Brentzel, Psy.D. [ECF No. 9-2 at 22]. Plaintiff asserts that the ALJ's RFC determination is not supported by substantial evidence because it does not adequately incorporate all of Plaintiff's functional limitations as identified by Dr. Deines and/or because the ALJ erroneously evaluated Dr. Deines's and Dr. Brentzel's opinions. [ECF No. 14 at 13-16]. After careful consideration, I agree with Plaintiff that remand is necessary on this issue.

Dr. Deines examined Plaintiff on or about July 7, 2014. [ECF No. 9-16 (Ex. 6F)]. In addition to preparing a written report related to the examination, Dr. Deines completed a Medical Source Statement of Ability to Do Work-Related Activities (Mental) on that same date, in which she opined that Plaintiff had moderate restrictions on his ability to understand, remember, and carry out simple instructions, and to make judgments on simple work-related decisions. Id. Dr. Deines further opined that Plaintiff had marked restrictions on his ability to understand, remember, and carry out complex instructions; make judgments on complex work-related decisions; interact appropriately with the public, supervisors, and co-workers; and respond appropriately to usual work situations and to changes in a routine work setting. Id.[2]

On or about July 10, 2017, Dr. Brentzel completed a Mental Residual Functional Capacity (MRFC) assessment for Plaintiff in which she opined, inter alia, that Plaintiff was moderately limited in the ability to understand, remember, and carry out detailed instructions; the ability to perform activities within a schedule, maintain regular attendance, and be punctual within

---

[2] The Medical Source Statement form defines "moderate" as "more than a slight limitation in this area but the individual is still able to function satisfactorily," and defines "marked" as "serious limitation in this area" with "a substantial loss in the ability to effectively function." [ECF No. 9-16 (Ex. 6F)].

customary tolerances; the ability to work in coordination with or in proximity to others without being distracted by them; the ability to complete a normal workday and workweek without interruptions from psychologically-based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; the ability to interact appropriately with the general public; the ability to accept instructions and respond appropriately to criticism from supervisors; the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes; the ability to respond appropriately to changes in the work setting; and the ability to set realistic goals or make plans independently of others. [ECF No. 9-4 (Ex. 2A)]. Dr. Brentzel further opined that Plaintiff was able to make simple decisions and carry out simple instructions and would not require special supervision in order to sustain a work routine. Id. She stated that Plaintiff's social skills were functional and that he was self-sufficient and able to ask questions and accept instructions. Id. Also, Plaintiff could function in production-oriented jobs requiring little independent decision making. Id. Overall, Dr. Brentzel opined that Plaintiff's mental health limitations did not preclude him from performing the basic mental demands of competitive employment on a sustained basis. Id.[3]

In formulating her opinion, Dr. Brentzel considered Dr. Deines's July 7, 2014 report. In so doing, Dr. Brentzel expressly noted that her own MRFC assessment *was different from* the opinions expressed by Dr. Deines "due to inconsistencies with the evidence in file." Id. Dr. Brentzel believed that some of Dr. Deines's opinions overestimated the severity of Plaintiff's

---

[3] Dr. Brentzel also opined that Plaintiff was not significantly limited in his ability to: remember locations and work-like procedures; understand, remember and carry out very short and simple instructions; maintain attention and concentration for extended periods; sustain an ordinary routine without special supervision; make simple work-related decisions; ask simple questions or request assistance; maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness; be aware of normal hazards and take appropriate precautions; and travel in unfamiliar places and use public transportation. [ECF No. 9-4 (Ex. 2A)]. Dr. Brentzel did not find any marked limitations. Id.

functional limitations, including in the areas of making occupational adjustments, making performance adjustments, and making personal and social adjustments. Id. Dr. Brentzel felt that Dr. Deines relied heavily on Plaintiff's subjective reports about his symptoms and limitations, but that the totality of the medical and non-medical evidence did not support those subjective complaints. Id.

In evaluating the medical opinion evidence, the ALJ first noted in a single sentence that "no treating source medical source statements were found." [ECF No. 9-2 at 22]. He then proceeded to evaluate Dr. Brentzel's and Dr. Deines's opinions as follows:

> The state agency mental health consultant's [Dr. Brentzel's] assessment that the claimant had *no more than moderate* mental impairment is given significant weight as this assessment *is consistent with* the objective evidence of record *including the report of the consultative psychiatric evaluator*, [Dr. Deines] which is *also given significant weight*.

Id. (citing Exs. 2A and 6F) (emphasis added). The ALJ never discussed, or even acknowledged, Dr. Deines's Medical Source Statement or the "marked" restrictions contained therein. This omission is significant because, on its face, Dr. Deines's opinion is far from "consistent with" Dr. Brentzel's opinion that Plaintiff had "no more than moderate" restrictions. Indeed, as set forth above, Dr. Brentzel herself expressly *disagreed* with much of Dr. Deines's opinion, stating that some of Dr. Deines's opinions overestimated the severity of Plaintiff's functional limitations.

Defendant's attempts to minimize this error are unavailing. First, I disagree with Defendant that the ALJ impliedly only accepted Dr. Deines's moderate restrictions and rejected the marked ones. As set forth above, the ALJ failed even to acknowledge the marked restrictions, let alone explain any reasons for rejecting them. Second, I disagree with Defendant that the ALJ must only have considered Dr. Deines's written report and dismissed the medical source statement because it was a "check box form." Not only is this an impermissible *post hoc*

rationale, but also the ALJ's explanation for the absence of any *treating* physician opinion evidence (no "medical source statements" found) demonstrates that such statements were important sources of opinion evidence for him. I decline to consider Defendant's remaining arguments on this issue because the ALJ did not expressly rely on those reasons in his decision. The review of an administrative order must be judged upon those bases set forth and disclosed in that order. Fargnoli v. Massanari, 247 F.3d 34, 44 n.7 (3d Cir. 2001). Thus, to consider speculative or *post hoc* rationalizations not listed by the ALJ runs contrary to the law. Id.

Although Defendant is correct that the ALJ is entitled to reject limitations that are unsupported by the record, he must provide the reasons for discounting that evidence. Here, the ALJ's cursory, two-sentence evaluation of the medical opinion evidence is, at best, ambiguous as to whether he accepted and/or accounted for all of Dr. Deines's limitations in his mental RFC finding or rejected some of those limitations in whole or in part. At worst, the ALJ completely mischaracterized Dr. Deines's opinion in equating it with Dr. Brentzel's and giving both significant weight. Either scenario requires remand on this issue. On remand, the ALJ must clarify his findings with respect to the limitations contained in Dr. Deines's opinion and explain how, if at all, his RFC finding accounts for such limitations.

### III. CONCLUSION

Under the Social Security regulations, a federal district court reviewing the decision of the Commissioner denying benefits has three options. It may affirm the decision, reverse the decision and award benefits directly to a claimant, or remand the matter to the Commissioner for further consideration. 42 U.S.C. § 405(g) (sentence four). In light of an objective review of all evidence contained in the record, I find that the ALJ's decision is not supported by substantial evidence because, in discussing his RFC findings, the ALJ failed to address adequately the

mental health limitations contained in Dr. Deines's July 2014 report, despite giving Dr. Deines's opinions significant weight.  The case therefore is remanded for further consideration in light of this Opinion.  In remanding on the points herein, I make no findings as to whether Plaintiff is or is not disabled.  I simply find that I cannot properly evaluate the ALJ's opinion on the record before me.  For these and all of the above reasons, Plaintiff's Motion for Summary Judgment is granted to the extent set forth herein, and Defendant's Motion for Summary Judgment is denied to that same extent.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ARGYL W. RIGGAR III, )
)
        Plaintiff, )
)
  vs. ) Civil Action No. 2:17-1536
)
NANCY A. BERRYHILL, Acting )
Commissioner of Social Security,[1] )
)
        Defendant. )
)

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 27th day of February, 2019, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Plaintiff's Motion for Summary Judgment [ECF No. 13] is GRANTED to the extent that Plaintiff seeks remand for further consideration and the matter is REMANDED to the Commissioner for further proceedings consistent with the Opinion attached hereto. Defendant's Motion for Summary Judgment [ECF No. 15] is DENIED.

                                            BY THE COURT:

                                            /s/ Donetta W. Ambrose
                                            Donetta W. Ambrose
                                            U.S. Senior District Judge

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).